```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Kenya L. Adams; Stephen D. Dixon, Sr., | C/A No. 6:13-2241-GRA-JDA |
| Plaintiffs, | |
| vs. | REPORT AND RECOMMENDATION |
| Patrick Butler; Greenville Auto Connection, | |
| Defendants. | |

Kenya L. Adams and Stephen D. Dixon, Sr. ("Plaintiffs"), jointly proceeding *pro se*, bring this civil action based on their alleged purchase of a lemon automobile. Plaintiffs are proceeding *in forma pauperis*. The Complaint is subject to summary dismissal.

## Background

Plaintiffs allege they are father and daughter and that they jointly purchased a 2004 545i BMW automobile from Greenville Auto Connection ("GAC") on or about May 15, 2013, by paying $3,500 as a down payment. Complaint [Doc. 1]. Plaintiffs allege their address is in York, South Carolina, and the Defendants' address is in Greenville, South Carolina. *Id.* They allege that Patrick Butler, a salesman employed with GAC, told them he had driven the automobile for about one month and it was "a great running car." *Id.* They allege Butler lied to and misled them because he knew the automobile was a lemon. *Id.* Allegedly, the automobile broke down two days after the purchase date, and Defendants agreed to repair it. *Id.* However, after the automobile had been repaired, allegedly it broke down even worse, it still does not operate correctly, and it will cost $4,994 to correctly repair it. *Id.*

Plaintiffs allege that on the date the contract was executed Butler rushed the deal illegally by not requiring Kenya Adams to appear at the GAC office to sign it. *Id.* Plaintiffs allege that legally a buyer and co-buyer must both appear at a dealership office to sign a contract to purchase an automobile. *Id.* Thus, they allege the contract is illegitimate and illegal, and they allege a violation of "UCC-317-45." *Id.* They seek to void the contract, the return of the $3,500 down payment, and $3,000 each in damages for pain and suffering and emotional distress. *Id.*

Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Plaintiffs filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As *pro se* litigants, Plaintiffs' pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiffs could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128,

1133 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

The Complaint should be dismissed because this Court lacks subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Independent Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the Court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction. *Id.*

In this case, Plaintiffs allege facts raising state law claims for breach of contract, fraud, and a statutory claim pursuant to the Uniform Commercial Code which is codified in the South Carolina Code. *See generally Hitachi Elec. Devices (USA), Inc. v. Platinum Technologies*, 621 S.E. 2d 38 (S.C. 2005) (discussing that the U.C.C. is codified in the S.C. Code of laws). Although they did not plead it, they may also intend a claim pursuant to the South Carolina Dealer's Act. *See generally Ritter and Assoc., Inc. v. Buchanan Volkswagen, Inc.*, No. 2011-198469, 2013 WL 4732438 (S.C. App. Aug. 28, 2013) (discussing the S.C. Dealer's Act). A civil action for a plaintiff's state law claims may be filed in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Va. Energy Co.*, 636 F.3d at 103.

Plaintiffs' allegations indicate that Plaintiffs and Defendants are domiciled in South Carolina; thus, complete diversity is lacking. Moreover, Plaintiff does not allege a sufficient amount in controversy because Plaintiff seeks approximately $9,500 in damages. Accordingly, this Court has no diversity jurisdiction over this action.[1]

If a plaintiff's complaint raises a federal question, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "'. . . arising under the Constitution, laws, or treaties of the United States.'" *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted). Here, Plaintiff does not allege a violation of the United States Constitution or any federal law. Notably, there is a federal law related to warranties known as the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*, but to invoke federal jurisdiction under that Act the overall amount in controversy must be at least $50,000, excluding interest and costs. 15 U.S.C. § 2310(d)(3)(B). Because Plaintiffs' allegations seek approximately $9,500 in damages, they cannot proceed under the Magnuson-Moss Warranty Act. *Enobakhare v. Carpoint, LLC*, No. 08 CV 4798(ARR), 2011 WL 703920, *11 (E.D.N.Y. Jan. 11, 2011) ("Accordingly, because plaintiff has not satisfied his burden to allege that his MMWA claim meets the $50,000 jurisdictional threshold . . . he cannot proceed with a claim under the MMWA in federal court."), *adopted by* 2011 WL 704902 (E.D.N.Y. Feb. 16, 2011). Therefore, there is no federal question jurisdiction over this action.

---

[1] Notably, Plaintiffs are not without a judicial remedy. They may bring suit against Defendants in a South Carolina court.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss this action *without prejudice* and *without issuance and service of process*. See *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiffs' attention is directed to the important notice on the next page.**

*Jacquelyn D. Austin*
Jacquelyn D. Austin
United States Magistrate Judge

October 3, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).