UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kenya L. Adams; Stephen D. Dixon, Sr., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Patrick Butler; Greenville Auto )<br>Connection, )<br>)<br>Defendants. )<br>_____ ) | C/A No.: 6:13-cv-02241-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for review of United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, and filed on October 3, 2013. ECF No. 15. This Court adopts the Magistrate Judge's Report and Recommendation in its entirety.

On August 19, 2013, Kenya L. Adams and Stephen D. Dixon, Sr. ("Plaintiffs"), jointly proceeding *pro se*, filed this civil action alleging facts that give rise to state law claims for breach of contract, fraud, and a statutory claim pursuant to the Uniform Commercial Code, which is codified in the South Carolina Code, ECF No. 1, and a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915, ECF No. 2. On October 3, 2013, Magistrate Judge Austin authorized Plaintiffs to proceed *in forma pauperis*. ECF Nos. 13, 14. Pursuant to established procedure in this judicial district, the Magistrate Judge made a careful review of the *pro se* Complaint and recommends that this Court dismiss Plaintiffs' claims without prejudice and without issuance and service of process. ECF No. 15 at 6.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file objections to the Report and Recommendation waives any further right to appeal when the parties have been warned that they must object to preserve appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam). In the present case, Plaintiffs were advised of their right to file objections to the Report and Recommendation. ECF No. 15 at 7. However, Plaintiffs have not filed any objections to the Report and Recommendation, and the time for filing such objections has lapsed.

After a review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiffs' Complaint is DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October 25, 2013
Anderson, South Carolina